


**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Richmond Division**

**KENNETH WAYNE CLARK, JR.,**

Petitioner,

v. Civil Action No. **3:13CV760**

**HAROLD W. CLARKE,**

Respondent.

## REPORT AND RECOMMENDATION

Kenneth Wayne Clark, Jr., a Virginia inmate proceeding *pro se*, filed this petition for habeas corpus under 28 U.S.C. § 2254 (hereinafter "§ 2254 Petition," ECF No. 1) challenging his conviction in the Circuit Court for the City of Portsmouth, Virginia (hereinafter "Circuit Court"). The matter is before the Court for a Report and Recommendation pursuant to 28 U.S.C. § 636(b). Clark argues entitlement to relief on the following grounds:[1]

Claim A(1): Counsel rendered ineffective assistance[2] by "fail[ing] to make inquiry into the Mirandizing of"[3] Clark, and thereby "fail[ing] to preserve the issue for appeal." (§ 2254 Pet. 6.)

[1] The Court corrects the capitalization, spelling, and punctuation in the quotations from Clark's submissions. Clark lists only two claims in his § 2254 Petition and then refers to the Memorandum in Support for his remaining claims. Clark adds two additional claims in his Memorandum in Support, but he changes the numbering from his § 2254 Petition to the numbering he used in his state habeas petition. (*See* Mem. Supp. § 2254 Pet. 4-5, (B) and (C), ECF No. 2.) Moreover, Clark's Memorandum in Support is rambling and generally incoherent. For ease of reference, the Court employs the numbering used in Clark's Memorandum in Support that corresponds to his state habeas and to the numbers employed by the Supreme Court of Virginia.

[2] "In all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defence." U.S. Const. amend. VI.

[3] *Miranda v. Arizona*, 384 U.S. 436 (1966)

Claim A(2): Counsel rendered ineffective assistance by "fail[ing] to raise the defense of entrapment." (*Id.* at 7.)

Claim B: Counsel rendered ineffective assistance by "not conduct[ing] a meaningful challenge to the Commonwealth's case where the police failed to obtain an anticipatory warrant for the search and seizure . . . ." (Mem. Supp. § 2254 Pet. 4.)

Claim C: Counsel rendered ineffective assistance by "not challenging the reliability and credibility of the confidential informant to support the probable cause to arrest" Clark. (*Id.*)

Respondent has moved to dismiss the action (ECF No. 9). For the reasons that follow, it is RECOMMENDED that the § 2254 Petition be DISMISSED because Clark's claims lack merit.

## A. Factual and Procedural History

After a bench trial, the Circuit Court convicted Clark of possession with intent to distribute cocaine, second offense, and sentenced him to an active sentence of nine years and three months of incarceration. *See Commonwealth v. Clark*, No. CR10001560-01, at 1-4 (Va. Cir. Ct. Apr. 25, 2011). Clark appealed his convictions. The Court of Appeals of Virginia denied the petition for appeal. *Clark v. Commonwealth*, No. 0876-11-1, at 1-5 (Va. Ct. App. Nov. 22, 2011). The Supreme Court of Virginia refused Clark's subsequent petition for appeal. *Clark v. Commonwealth*, No. 112269, at 1 (Va. May 15, 2012).

Clark filed a petition for a writ of habeas corpus in the Supreme Court of Virginia raising claims similar to those he raises in the instant § 2254 Petition. Brief in Support and Memorandum in Support of Petition for Writ of Habeas Corpus at 4, *Clark v. Dir. of*

*Dep't of Corr.*, No. 122203 (Va. filed Dec. 26, 2012). Finding that Clark failed to demonstrate that counsel rendered ineffective assistance, the Supreme Court dismissed the petition. *Clark v. Dir. of the Dep't of Corr.*, No. 122203, at 1-5 (Va. June 24, 2013).

**B. Analysis**

**1. The Applicable Constraints upon Federal Habeas Corpus Review**

In order to obtain federal habeas relief, at a minimum, a petitioner must demonstrate that he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). The Antiterrorism and Effective Death Penalty Act ("AEDPA") of 1996 further circumscribed this Court's authority to grant relief by way of a writ of habeas corpus. Specifically, "[s]tate court factual determinations are presumed to be correct and may be rebutted only by clear and convincing evidence." *Gray v. Branker*, 529 F.3d 220, 228 (4th Cir. 2008) (citing 28 U.S.C. § 2254(e)(1)). Additionally, under 28 U.S.C. § 2254(d), a federal court may not grant a writ of habeas corpus based on any claim that was adjudicated on the merits in state court unless the adjudicated claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). The Supreme Court has emphasized that the question "is not whether a federal court believes the state court's determination was incorrect but whether that determination was unreasonable—a substantially higher threshold." *Schriro v.*

*Landrigan*, 550 U.S. 465, 473 (2007) (citing *Williams v. Taylor*, 529 U.S. 362, 410 (2000)).

**2. Ineffective Assistance of Counsel**

To demonstrate ineffective assistance of counsel, a convicted defendant must show, first, that counsel's representation was deficient and, second, that the deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). To satisfy the deficient performance prong of *Strickland*, the convicted defendant must overcome the "'strong presumption' that counsel's strategy and tactics fall 'within the wide range of reasonable professional assistance.'" *Burch v. Corcoran*, 273 F.3d 577, 588 (4th Cir. 2001) (quoting *Strickland*, 466 U.S. at 689). The prejudice component requires a convicted defendant to "show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694. In analyzing ineffective assistance of counsel claims, it is not necessary to determine whether counsel performed deficiently if the claim is readily dismissed for lack of prejudice. *Id.* at 697.

In Claim A(1), Clark argues that counsel rendered ineffective assistance by "fail[ing] to make inquiry into the Mirandizing of" Clark, and thereby "fail[ing] to preserve the issue for appeal." (§ 2254 Pet. 6.) Clark argues that police never provided him with *Miranda* warnings "at the time of the arrest" or during their questioning of Clark "about drug activity in any specific area I may have knowledge of" at the police station. (Mem. Supp. § 2254 Pet. 6.) Clark claims he informed counsel about this

purported *Miranda* violation "however trial counsel did not make inquiry about the issue." (*Id.*) Clark fails to demonstrate any deficiency of counsel or resulting prejudice.

In rejecting this claim, the Supreme Court of Virginia explained:

> The Court holds that claim (A)(1) satisfies neither the "performance" nor the "prejudice" prong of the two-part test enunciated in *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Petitioner fails to articulate what, if any, statements were elicited from him by the police or were admitted at trial that were obtained in violation of his *Miranda* rights. The record, including the affidavit of counsel, demonstrates that petitioner never made any incriminating statements to law enforcement. Counsel cannot be ineffective for failing to make a futile motion to suppress, or for failing to make a futile motion to preserve the issue for appeal. Thus, petitioner has failed to demonstrate that counsel's performance was deficient or that there is a reasonable probability that, but for counsel's alleged errors, the result of the proceeding would have been different.

*Clark*, No. 122203, at 1-2. The Court discerns no unreasonable application of the law and no unreasonable determination of the facts. *See* 28 U.S.C. § 2254(d)(1)-(2).

"[T]he *Miranda* rule is a prophylactic employed to protect against violations of the Self-Incrimination Clause" of the Fifth Amendment. *United States v. Patane*, 542 U.S. 630, 636 (2004) (plurality opinion). The "core protection afforded by the Self-Incrimination Clause is a prohibition on compelling a criminal defendant to testify against himself at trial." *Id.* at 637 (citations omitted). Clark fails to identify an incriminating statement that he made to police that was used against him at trial. Counsel averred that Clark made no such statements. Motion to Dismiss Ex. 5, at 1, *Clark*, No. 122203 (Va. filed Mar. 7, 2013) (hereinafter "Plott Aff."). Counsel cannot be faulted for failing to bring a meritless suppression motion. Because Clark demonstrates neither deficiency nor prejudice, it is RECOMMENDED that Claim A(1) be DISMISSED.

The remainder of Clark's claims are rambling, repetitive, and devoid of supporting argument. Each apparently stems from Clark's belief that the police lacked probable cause to arrest him because of alleged problems with the confidential informant.

The state courts thoroughly examined Clark's challenges to probable cause based on the information provided by and the reliability of the confidential informant. On appeal, Clark argued that the trial court erred when it ruled that the Commonwealth was not required to disclose the identity of the informant, despite Clark's contention that the informant was an active and material participant in his drug possession conviction. *Clark v. Commonwealth*, No. 0876-11-1, at 1 (Va. Ct. App. Nov. 22, 2011). The Court of Appeals, in rejecting the claim, summarized the facts as follows:

> Here, Detective Grover met with an unnamed informant of unknown reliability, who was "trying to get some consideration" for a pending criminal charge. Informant told Detective Grover he had purchased cocaine previously from a man in a green Volvo and that he could make a call to this man and have cocaine delivered. Informant described the man by race, approximate height and weight, and hairstyle. While still in Detective Grover's presence, informant made a call with his phone in speaker mode. From a distance of one to two feet, Detective Grover listened as informant ordered two ounces of crack cocaine from the man who answered and the man responded that he would meet informant at a named location "in a few minutes."
>
> Detective Grover and informant chose a spot adjacent to the interstate off-ramp near the appointed location and waited together in a vehicle with tinted windows. After informant had two additional speakerphone conversations with the same man, who said he was just about to get off the interstate, Detective Grover and informant saw a green Volvo containing only a driver exit the interstate and pass "very close" to them. Informant said, "that's the car and that's him," and "that's definitely him." Detective Grover then radioed Detective McAndrews that the cocaine seller was approaching the pre-arranged location in a green four-door Volvo. Detective Grover and informant departed the area without approaching the pre-arranged location. Detective McAndrews and others then spotted the green Volvo drive through the parking lot at the appointed location,

determined its driver matched the description received from Detective Grover, and took the driver, appellant, into custody.

Detective McAndrews immediately observed a large bulge in appellant's right crotch area, and when McAndrews shook appellant's pants, a plastic bag containing a large quantity of suspected crack cocaine fell out. He also found on appellant's person $176 in U.S. currency and a cellular telephone.

At the hearing on appellant's motion to force the Commonwealth to name the informant, Detective Grover identified appellant as the person he had seen in the green Volvo. Grover also testified informant had confirmed to him the Volvo's driver was the cocaine seller informant had phoned. Detective Grover indicated that, from the time informant first told him about the man in the green Volvo selling cocaine until appellant arrived in the designated location and was arrested by Detective McAndrews, informant remained continuously in Detective Grover's presence.

Appellant argued that he was entitled to learn the informant's identity because he knew nothing about the informant's veracity or his prior connection to appellant and informant was a participant who "set up the criminal enterprise" rather than a mere tipster. The trial court denied the motion to identify the informant.[4] The trial court also denied appellant's motion to suppress the fruits of the seizure, made based on appellant's claim that the seizure and search were not supported by probable cause.

At trial,[5] the court ruled it would consider the evidence concerning appellant's expected arrival at the designated location only as it related to the existence of probable cause to seize and search appellant, upon which another judge had already ruled pre-trial. Evidence at trial established the cocaine seized from appellant weighed more than fifty-one grams. Detective Holley, who qualified as an expert in the use, sale, packaging, and distribution of cocaine in the City of Portsmouth, testified that this quantity of cocaine was enough to last a heavy user fifty to one-hundred days and that appellant's possession of that quantity, coupled with the absence of a device for personal ingestion and the presence of cash in certain denominations, was inconsistent with possession of the cocaine for personal use.

The evidence supports the circuit court's ruling refusing to require disclosure of informant's identity, as to both the ruling on the pretrial motion to suppress and appellant's defense at trial. *See Lanier* [*v.*

---

[4] Appellant also moved prior to trial to suppress the fruits of the seizure as unsupported by probable cause. On appeal, he does not challenge the trial court's denial of this motion.

[5] Trial was held before a different judge than the one who ruled on the pretrial motion for disclosure of the informant's identity.

*Commonwealth*, 394 S.E.2d 495, 502 (Va. Ct. App. 1990)] (holding that "the defendant must come forward with something more than speculation as to the usefulness of the identity of the informer"). By denying the motion for disclosure, the circuit court, the fact finder at the suppression hearing, implicitly concluded the testimony of Detective Grover about the informant's pre-arranged drug transaction with appellant was credible and, when combined with the personal observations of Detectives Grover and McAndrews, was sufficient to support the seizure and search of appellant. Detective Grover testified he overheard all relevant conversations between informant and appellant setting up the drug transaction, and the trial court, by denying the motion for disclosure of the informant's identity, implicitly concluded any information appellant might learn about informant through that disclosure would not defeat the sufficiency of the detectives' testimony to render the seizure and search reasonable.

In addition, based on the evidence adduced at trial, informant was not an active participant in the offense for which appellant was convicted—possession of cocaine with intent to distribute. Therefore, disclosure of his identity was not required based on either the evidence the Commonwealth offered to prove the elements of the offense or any defense raised by appellant. Appellant was convicted for possession with intent to distribute based solely on what he had in his possession at the time of seizure and search, including the large quantity of cocaine, U.S. currency in particular denominations, and the absence of a device for personally ingesting the cocaine.[6] Further, appellant raised no defense, such as entrapment or accommodation, which might require knowledge of the identity of the informant to assert. *Compare Hatcher* [*v. Commonwealth*, 440 S.E.2d 416, 419 (Va. Ct. App. 1994)] (holding defendant was entitled to disclosure of informant's identity where offense was completed sale of drugs; defendant raised entrapment and accommodation defenses; and testifying officer was not present when defendant and informant allegedly planned the subsequent sale to an undercover law enforcement officer); *United States v. Price*, 783 F.2d 1132, 1139 (4th Cir. 1986) (holding disclosure required where informant was middle man through whom defendant and undercover officer negotiated and agreed upon a price, which led to the attempted sale at which informant was present), *quoted with approval in Keener* [*v. Commonwealth*, 380 S.E.2d 21, 24 (Va. Ct. App. 1989)]. Further, appellant—one of the only two participants in the telephone conversations arranging and leading directly up to the transaction—clearly did not require disclosure of the informant's identity to determine whether one of those

---

[6] Although the Commonwealth attempted at trial to elicit evidence concerning the drug transaction Detective Grover heard informant and appellant arrange over the phone, the trial court sustained appellant's objection to that testimony, reasoning that admission of such testimony would require disclosure of informant's identity.

> defenses or any other particular defense *might* apply. Because appellant did not assert such a defense might apply, nothing in the record indicates the trial court abused its discretion in refusing to require disclosure of informant's identity.

*Clark*, No. 0876-11-1, at 2-5 (footnote numbers altered).

In his state habeas petition, Clark raised the same claims in a similarly presented fashion. In summarizing and rejecting Clark's Claim A(2), the Supreme Court aptly found the following:

> In claim (A) (2) and the third portion of claim (C), petitioner contends he was denied the effective assistance of counsel because counsel failed to raise the defense of entrapment.
>
> The Court holds that claim (A) (2) and the third portion of claim (C) satisfy neither the "performance" nor the "prejudice" prong of the two-part test enunciated in *Strickland*. The record, including the trial transcripts, demonstrates that the police used a confidential informant, who had previously purchased cocaine from petitioner, to provide petitioner with an opportunity to participate in another drug transaction. Counsel could have reasonably concluded the circumstances did not support an entrapment defense. *See Stamper v. Commonwealth*, 228 Va. 707, 715, 324 S.E.2d 682, 687 (1985). In addition, the record, including the affidavit of counsel, demonstrates that petitioner asserted to counsel that he did not know or speak to the confidential informant on the date of the offense, that he did not agree to meet anyone to exchange narcotics, and that he was never in possession of the narcotics found at the scene. Counsel cannot be ineffective for failing to argue a meritless defense. Thus, petitioner has failed to demonstrate that counsel's performance was deficient or that there is a reasonable probability that, but for counsel's alleged errors, the result of the proceeding would have been different.

*Clark*, No. 122203, at 2-3. The Court discerns no unreasonable application of the law and no unreasonable determination of the facts. *See* 28 U.S.C. § 2254(d)(1)-(2).

"Entrapment is the conception and planning of an offense by an officer, and his procurement of its commission by one who would not have perpetrated it except for the trickery, persuasion, or fraud of the officer." *Stamper*, 324 S.E.2d at 687 (citations

omitted) (internal quotations marks omitted). Entrapment occurs when criminal conduct of an accused results from "creative activity [by police] that implants in the mind of an otherwise innocent person the disposition to commit an offense and induces its commission in order to prosecute." *Id.* (citations omitted) (internal quotation marks omitted). However, "'[t]here is nothing improper in the use, by the police, of decoys, undercover agents, and informers to invite the exposure of willing criminals and to present an opportunity to one willing to commit a crime.'" *Pannell v. Commonwealth*, 384 S.E.2d 344, 345 (Va. Ct. App. 1989) (alteration in original) (quoting *Schneider v. Commonwealth*, 337 S.E.2d 735, 736 (Va. 1985)). "Encouragement or solicitation of the commission of a crime by one who is willing and predisposed to commit the crime does not constitute entrapment." *McCoy v. Commonwealth*, 385 S.E.2d 628, 630 (Va. Ct. App. 1989) (citations omitted).

Here, counsel reasonably eschewed raising an entrapment defense as the confidential informant had clearly purchased cocaine from Clark previously; thus, Clark was "willing and predisposed" to distribute cocaine. *See id.* Moreover, both prior to and during trial, Clark denied knowing the confidential informant, speaking or meeting with the confidential informant on the date of the offense, and possessing the narcotics found at the scene. Plott Aff. at 1. Thus, counsel advanced "the sole defense affirmed by the defendant." (*Id.*) Counsel cannot be faulted for failing to raise a defense that was not supported by the evidence or his client's testimony.[7] Clark demonstrates neither

[7] The Court also fails to discern, and Clark fails to suggest, how counsel could pursue an entrapment defense when Clark informed him that he did not commit the underlying offense.

deficiency nor resulting prejudice, and it is RECOMMENDED that Claim A(2) be DISMISSED.

In Claim B, Clark argues that counsel rendered ineffective assistance by "not conduct[ing] a meaningful challenge to the Commonwealth's case where the police failed to obtain an anticipatory warrant for the search and seizure . . . ." (Mem. Supp. § 2254 Pet. 4.) While tersely stated and difficult to follow, the Court construes Clark's claims as follows: (i) failing to challenge the search of his person and his car on the basis that the confidential informant was unreliable (*see id.* at 9); (ii) failing to seek the disclosure of the identity of the confidential informant (*see id.* at 10-12); (iii) failing to challenge whether the police had probable cause for the search (*see id.* at 12-13); and (iv) failing to challenge probable cause on appeal (*see id.* at 11).

In Claim C, Clark raises no new claim but continues to argue that counsel rendered ineffective assistance by "not challenging the reliability and credibility of the confidential informant to support the probable cause to arrest" Clark. (*Id.* at 4.) For the reasons stated below, the Court finds that all of the claims lack merit.

**a. General Challenge to Probable Cause**

In summarizing and rejecting Clark's claims pertaining to counsel's failure to challenge the search, the Supreme Court of Virginia explained:

> In a portion of claim (B), petitioner contends he was denied the effective assistance of counsel because counsel failed to conduct a meaningful challenge to the Commonwealth's case when the police failed to obtain a warrant for the search and seizure of petitioner's property. Petitioner alleges counsel failed to question the police or object to the search of petitioner's person and car.

> The Court holds that this portion of claim (B) satisfies neither the "performance" nor the "prejudice" prong of the two-part test enunciated in *Strickland*. The record, including the trial transcripts, demonstrates that counsel did challenge the initial seizure by filing a motion to suppress and litigating the matter at a suppression hearing. Petitioner has failed to allege what more counsel should have done to challenge the seizure of petitioner's property. Thus, petitioner has failed to demonstrate that counsel's performance was deficient or that there is a reasonable probability that, but for counsel's alleged errors, the result of the proceeding would have been different.

*Clark*, No. 122203, at 3. The Court discerns no unreasonable application of the law and no unreasonable determination of the facts. *See* 28 U.S.C. § 2254(d)(1)-(2). The record demonstrates that counsel filed a suppression motion arguing the illegality of the search and seizure, and that the Circuit Court denied the motion. Motion to Suppress, *Commonwealth v. Clark*, No. CR10-1560, at 1-2 (Va. Cir. Ct. filed Nov. 4, 2010); (Nov. 8, 2010 Tr. 31). Moreover, Clark's conclusory allegation, that counsel failed to conduct a meaningful challenge to his search and seizure, provides no basis for habeas relief. *See Sanders v. United States*, 373 U.S. 1, 19 (1963) (finding summary denial of habeas action appropriate where petitioner "stated only bald legal conclusions with no supporting factual allegations"). Thus, Clark fails to demonstrate that counsel rendered deficient performance or any resulting prejudice.

**b. Challenges to Confidential Informant**

In summarizing and rejecting Clark's claims that counsel rendered ineffective assistance by failing challenge the reliability of the confidential informant, the Supreme Court of Virginia explained:

> In another portion of claim (B) and the first portion of claim (C), petitioner contends he was denied the effective assistance of counsel

> because counsel failed to challenge the reliability and credibility of the confidential informant, whose information was used to support the probable cause to arrest petitioner.
>
> The Court holds that this portion of claim (B) and the first portion of claim (C) satisfy neither the "performance" nor the "prejudice" prong of the two-part test enunciated in *Strickland*. The record, including the trial transcripts, demonstrates that counsel did challenge the confidential informant's reliability and argued that the officers did not have probable cause to seize petitioner. The record further shows that counsel filed a motion to disclose the confidential informant's identity, which was denied, and that counsel unsuccessfully raised this claim on appeal. Petitioner fails to articulate what more counsel could have done to challenge the reliability and credibility of the confidential informant. Thus, petitioner has failed to demonstrate that counsel's performance was deficient or that there is a reasonable probability that, but for counsel's alleged errors, the result of the proceeding would have been different.

*Clark*, No. 122203, at 3-4. The Court discerns no unreasonable application of the law and no unreasonable determination of the facts. *See* 28 U.S.C. § 2254(d)(1)-(2).

Again, Clark fails to demonstrate any deficiency of counsel or resulting prejudice. Counsel filed a motion to suppress the evidence and a motion to seek the disclosure of the confidential informant's identity, in which he argued that the informant was unreliable, incredible, and an active participant in the crime. (Nov. 8, 2010 Tr. 32-36, 40-42.) After lengthy argument, the Circuit Court denied both motions. (Nov. 8, 2010 Tr. 33, 51.) Counsel also continued to lodge challenges to the nondisclosure of the informant's identity during trial and successfully argued that the Court should limit the admissibility of information provided by the informant. (February 16, 2011 Tr. 30-33.) The Court fails to discern, and Clark fails to allege, what further argument counsel should have advanced in support of either motion. *Sanders*, 373 U.S. at 19.

Clark also faults counsel for failing to challenge a purported inconsistency in the confidential informant's statement about whether Clark was present at Big Daddy's restaurant. Clark claims that, in the Probable Cause summary, the confidential informant stated that Clark was "at Big Daddy's"; however, in the Report of Investigation, Clark claims that the informant said that "[Clark] would meet the informant at Big Daddy's." *See* Probable Cause Summary 1, *Clark*, CR10-1560 (Va. Cir. Ct. filed Sept. 9, 2010); Report of Investigation 1, *Clark*, CR10-1560 (Va. Cir. Ct. filed Sept. 9, 2010). Clark also claims that he was "never in the restaurant." (Mem. Supp. § 2254 Pet. 13.)

The Supreme Court of Virginia rejected this claim, explaining:

> In another portion of claim (B), petitioner contends he was denied the effective assistance of counsel because counsel failed to investigate an inconsistency in the informant's information for use during cross-examination. Petitioner alleges the inconsistency was that the informant said the supplier would be at "Big Daddy's" restaurant, but that petitioner was never at this restaurant.
>
> The Court holds that this portion of claim (B) satisfies neither the "performance" nor the "prejudice" prong of the two-part test enunciated in Strickland. The record, including the trial transcripts, demonstrates that counsel highlighted the inconsistency to suggest that the informant was unreliable and was an active participant in the drug transaction. Moreover, this alleged factual discrepancy is not significant considering the informant's identification of petitioner as petitioner entered a parking lot used by patrons of "Big Daddy's" restaurant. Thus, petitioner has failed to demonstrate that counsel's performance was deficient or that there is a reasonable probability that, but for counsel's alleged errors, the result of the proceeding would have been different.

*Clark*, No. 122203, at 5. The Court discerns no unreasonable application of the law and no unreasonable determination of the facts. *See* 28 U.S.C. § 2254(d)(1)-(2).

The evidence demonstrated that the officers arrested Clark in the parking lot adjacent to Big Daddy's. (*See, e.g.*, Feb. 16, 2011 Tr. 20-21.) The confidential informant

also identified Clark as he drove into the parking lot adjacent to Big Daddy's. (Nov. 8, 2010 Tr. 23.) In light of the overwhelming evidence that Clark was arrested in the parking lot of Big Daddy's, and the minor inconsistencies in the statements, counsel reasonably eschewed further advancing Clark's argument. Clark demonstrates neither deficiency of counsel nor resulting prejudice.

**c. Appeal**

Clark also faults counsel for failing to challenge probable cause for his search and seizure on appeal. (Mem. Supp. § 2254 Pet. 11.) In rejecting this claim, the Supreme Court explained:

> The Court holds that this portion of claim (B) satisfies neither the "performance" nor the "prejudice" prong of the two-part test enunciated in *Strickland*. The selection of issues to address on appeal is left to the discretion of appellate counsel, and counsel need not address every possible issue on appeal. *Jones v. Barnes*, 463 U.S. 745, 751-52 (1983). Thus, petitioner has failed to demonstrate that counsel's performance was deficient or that there is a reasonable probability that, but for counsel's alleged errors, the result of the proceeding would have been different.

*Clark*, No. 122203, at 4. The Court discerns no unreasonable application of the law and no unreasonable determination of the facts. *See* 28 U.S.C. § 2254(d)(1)-(2).

"In order to establish a claim that appellate counsel was ineffective for failing to pursue a claim on direct appeal, the applicant must normally demonstrate" that appellate counsel performed deficiently and that a reasonable probability of a different result exists. *Bell v. Jarvis*, 236 F.3d 149, 164 (4th Cir. 2000) (citing *Strickland*, 466 U.S. at 688, 694). Counsel had no obligation to assert all non-frivolous issues on appeal. Rather, "'winnowing out weaker arguments on appeal and focusing on' those more likely

to prevail, far from being evidence of incompetence, is the hallmark of effective appellate advocacy." *Smith v. Murray*, 477 U.S. 527, 536 (1986) (quoting *Jones*, 463 U.S. at 751-52). A presumption exists that appellate counsel "'decided which issues were most likely to afford relief on appeal.'" *Bell*, 236 F.3d at 164 (quoting *Pruett v. Thompson*, 996 F.2d 1560, 1568 (4th Cir. 1993)). "'[O]nly when ignored issues are clearly stronger than those presented, will the presumption of effective assistance of counsel be overcome.'" *Id.* (quoting *Smith v. Robbins*, 528 U.S. 259, 288 (2000)). On appeal, counsel argued that the trial court erred when it ruled that the Commonwealth was not required to disclose the identity of the informant. Clark simply fails to demonstrate that his vague argument that no probable cause existed for his search and seizure was a stronger argument than the argument counsel raised on appeal. Thus, Clark demonstrates neither deficiency of counsel nor resulting prejudice.

Accordingly, it is RECOMMENDED that Claims (B) and (C) be DISMISSED.[8]

**C. Conclusion**

Finding Clark's claims lack merit, it is RECOMMENDED that Respondent's Motion to Dismiss (ECF No. 9) be GRANTED and that the action be DISMISSED.

Clark is advised that he may file specific written objections to the Report and Recommendation within fourteen (14) days of the date of entry hereof. Such objections

[8] The Court notes that the Supreme Court of Virginia also found Clark to raise in Claim (C) a meritless challenge that counsel failed to request discovery from the Commonwealth. *See Clark*, No. 122203, at 5-6. In his instant § 2254 Petition, Clark merely states that counsel "had access to the police reports and access to the Commonwealth['s] files to make a proper request in the format of using the rule of discovery." (Mem. Supp. § 2254 Pet. 15.) The Court finds this vague reference fails to raise a claim about counsel's deficiency with regard to discovery, but instead supports his arguments pertaining to ascertaining the informant's identity.

should be numbered and identify with specificity the legal or factual deficiencies of the Magistrate Judge's findings. *See* Fed. R. Civ. P. 72(b). Failure to timely file specific objections to the Report and Recommendation may result in the dismissal of his claims, and it may also preclude further review or appeal from such judgment. *See Carr v. Hutto*, 737 F.2d 433, 434 (4th Cir. 1984).

The Clerk is DIRECTED to send a copy of this Report and Recommendation to Clark and counsel for Respondent.

It is so ORDERED.

/s/
Roderick C. Young
United States Magistrate Judge

Date: JAN 27 2015
Richmond, Virginia